People v Jeffreys (2018 NY Slip Op 08236)





People v Jeffreys


2018 NY Slip Op 08236


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Mazzarelli, Gesmer, Singh, JJ.


7766 819/13

[*1]The People of the State of New York, Respondent,
v
Leondriss Jeffreys, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Elizabeth B. Emmons of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda K. Regan of counsel), for respondent.



Order, Supreme Court, New York County, (Robert M. Stolz, J.), entered on or about October 9, 2014, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant was properly assessed 20 points under the risk factor for the victim's physical helplessness. The record establishes that the victim was asleep when defendant sexually assaulted her and only woke up as the result of the assault (see People v Winbush, 123 AD3d 490 [1st Dept 2014], lv denied 24 NY3d 916 [2015]). Defendant was also properly assessed 15 points under the risk factor for substance abuse. Defendant admitted that he was under the influence of alcohol during the crime, and this is sufficient to support the point assessment (see People v Watson, 112 AD3d 501, 502 [1st Dept 2013], lv denied 22 NY3d 863 [2014]).
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument or were outweighed by the egregious circumstances of the underlying offense.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK